John P. HEMMER, Claimant,

v.

JELCO, INC., Respondent,

Industrial Indemnity Company,
Insurance Carrier.

No. 49799.

Supreme Court of Oklahoma.

April 12, 1977.

Rehearing Denied June 13, 1977.

Robert S. Gee, Wallace & Owens, Miami,
for claimant.

Whitten, McDaniel, Osmond, Goree & Davis, Tulsa, for respondent and insurance carrier.

DAVISON, Justice:

This case involves an original action brought by respondents in the State Industrial Court, Jelco, Inc., and Industrial Indemnity Company, seeking a review of an order of that court issued on May 19, 1976, in which the court adjudged the claimant, John P. Hemmer, to be totally permanently disabled, and issued an award of compensation to claimant on that basis.

In an unpublished opinion of this Court, written by Justice Berry, Case No. 48,250, this Court has already considered this case. In that opinion, we found the case to be a Special Indemnity Fund Case, as the claimant had, on three occasions in the past, been adjudged and determined by State Industrial Courts to be permanently disabled, thus being a "physically impaired person," as defined at 85 O.S. § 171.

In the opinion written by Justice Berry, the award was vacated and the cause was remanded to the Industrial Court with directions to hear and determine the ultimate facts required in Special Indemnity Fund case. Unfortunately, upon remand, the trial judge failed to follow the mandate of this Court. In so doing, she stated:

"THE COURT: And I want to say that a lot of times when we all read transcripts on the cold printed page that our

interpretation is different from the actual hearing, and I want this record to go up with complete and utter deference to the Supreme Court.

But there is no way that I can follow the Supreme Court's decision and yet at the same time follow the law of the State of Oklahoma.

I have read the decision and it is the opinion of the Trial Court that the decision is based upon law which is controlled by the Special Indemnity Fund. As a matter of fact, every case that is cited by the Special Indemnity Fund case, and the language which is used by the Supreme Court constantly refers to physical impairments and prior adjudications, and I would invite Justice Berry's attention to the fact that this is not a Special Indemnity Fund case but is just a regular Workmen's Compensation case.

Consequently, it is the humble opinion of the Trial Court that the wrong law has been applied. Therefore, I will reenter my original order of total permanent disability, * * *."

In the appeal now before us, respondent points out that the Court refused to follow the mandate of this Court, and in so doing, committed reversible error. The record clearly reflects that the trial court did not follow mandate of this Court, and for that reason, we vacate the award, and remand the case once again to the State Industrial Court. In so doing, we instruct the court to, one, consider the case as an Special Indemnity Fund case, and, two, we instruct the Presiding Judge to reassign this case.

AWARD VACATED AND CAUSE REMANDED WITH DIRECTIONS.

All the Justices concur.